# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cr-00067-LRH-GWF |
| vs. | **ORDER** |
| DAVID JOHNSON, | |
| Defendant. | **Motion to Exclude Testimony - #63** |

## BACKGROUND AND DISCUSSION

This matter is before the Court on Defendant's Motion to Exclude Testimony for Violation of Rule 615 (#63), filed on November 8, 2012; the Government's Response to Motion to Exclude Testimony for Violation of Rule 615 (#69), filed on November 19, 2012; and Defendant's Reply to Government's Response to Motion to Exclude Testimony (#71), filed November 26, 2012.

Defendant David Johnson filed his Motion to Suppress for Fourth and Fifth Amendment Violations (#17) on July 9, 2012.[1] The Court granted an evidentiary hearing on the motion to suppress which commenced on August 13, 2012 at which time the exclusionary rule under Fed.R.Evid. 615 was invoked. Prior to the evidentiary hearing, the Defendant also filed a Motion to Compel Discovery of the Confidential Informant File (#22) on the grounds the informant's knowledge, credibility and reliability were relevant to whether there was probable cause to support the issuance of the search warrant. The police officers entered the subject apartment prior to obtaining the search warrant which resulted in the observation of a firearm. It was the observation

---

[1] The facts and legal issues relating to the motion to suppress are set forth in the Court's Findings and Recommendations (#79), filed on December 26, 2012

of this firearm, combined with the Defendant's presence in the apartment and his status as a convicted felon, that provided probable cause for the issuance of the search warrant. The Court has determined that the officers' initial entry into the apartment was not supported by probable cause and that no exception to the Fourth Amendment permitted the warrantless entry. The Government argued, and the Court has ultimately agreed, however, that Defendant does not have standing to assert a violation of the Fourth Amendment because he has not shown that he was lawfully present in the apartment.

Although the informant's information was not material to whether the officers' entry into the apartment was lawful under the Fourth Amendment, the Court reserved decision on whether the informant's identity should be disclosed, and whether he should be made available for examination by Defendant, pending the presentation of other testimony and evidence on the standing issue. Because of the conflict in the testimony on that issue, the Court decided that it should conduct an *in camera* hearing to determine if the informant had knowledge relevant to the issue of standing. The Court conducted an *in camera* hearing on October 9, 2012. During that hearing the Assistant United States Attorney and the Court questioned the informant. Detective Chris Tucker, who had testified during the first day of the evidentiary hearing on August 13, 2012, was also present during the October 9th *in camera* hearing. The Court determined that the informant had potentially relevant information concerning Defendant's presence or occupancy in the apartment and that the Defendant was therefore entitled to examine him during the evidentiary hearing. The confidential informant was subsequently examined under oath by the parties' counsel on December 5, 2012.

Defendant argues that the Court violated Rule 615 by permitting Detective Tucker to be present in the courtroom during the *in camera* testimony of the confidential informant on October 9, 2012. The purpose of Rule 615 "is to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses." *United States v. Ell*, 718 F.2d 29, 293 (9th Cir. 2002); *United States v. Seschillie*, 310 F.3d 108, 1212-13 (9th Cir. 2002). When a court fails to comply with Rule 615, prejudice is presumed and reversal is required unless it is manifestly clear from the record that the error was harmless or unless the prosecution proves harmless error by a preponderance of the evidence. *Id.* at 293-94. The rule is applicable in an evidentiary hearing on a motion to suppress

evidence pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure. *United States v. Brewer*, 947 F.2d 404 (9th Cir. 1991). In *Brewer*, the court denied defendant's motion to exclude witnesses during an evidentiary hearing on his motion to suppress. The second officer to testify was therefore present during the first officer's testimony. In holding that the violation of Rule 615 was not harmless, the court stated: "Because the officers' testimony overlapped completely concerning critical testimony regarding the presence or absence of a pretextual stop, the Government has failed to rebut the presumption of prejudice that flows from a violation of Rule 615." 947 F.2d at 411. The court therefore reversed the order denying the motion to suppress, but also remanded the case for a new evidentiary hearing.

The Government argues that Rule 615 was not violated in this case because the *in camera* hearing involved a separate motion and was not part of the evidentiary hearing in which the exclusionary rule was invoked. The Court rejects this technical argument. The reason for conducting the *in camera* hearing was to determine if the confidential informant had relevant information on the standing issue, such that Defendant should have the opportunity to question him during the evidentiary hearing. It would be contrary to the purpose of Rule 615 to hold that it does not apply to the closely related *in camera* hearing. Because Detective Tucker had not yet been released as a hearing witness, the Court made a mistake in permitting him to be present during the October 9, 2012 *in camera* hearing.[2]

The Court finds, however, that the violation of Rule 615 was harmless. Detective Tucker testified at the evidentiary hearing on August 13, 2012. His testimony was obviously not tailored by the informant's subsequent testimony during the October 9, 2012 *in camera* hearing. The confidential informant, whose testimony is summarized on pages 15 and 16 of the Court's *Findings & Recommendations (#79)*, testified that Defendant Johnson was staying in the subject apartment with his girlfriend and was selling narcotics from that location. The informant did not have specific knowledge, however, whether Defendant Johnson or his girlfriend were renting or otherwise

---

[2]Detective Tucker was not in the courtroom during the examination of the informant on December 5, 2012. Defendant's counsel elected not to recall Detective Tucker after the completion of the confidential informant's testimony on December 5th.

lawfully occupying the apartment, or were instead trespassing therein. The informant's testimony about the physical condition of the apartment was not materially different from that of the other witnesses, including the police officers and Defendant Johnson. The informant's testimony was not a factor in the Court's decision on the standing issue. *See Findings and Recommendations (#79)*. Defendant was therefore not prejudiced by the violation of Rule 615. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Testimony for Violation of Rule 615 (#63) is **denied.**

DATED this 27th day of December, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge